Louis A. Podrebarac Meade County Counselor P.O. Box 916 Meade, Kansas 67864-0916
Dear Mr. Podrebarac:
As Meade County Counselor, you request our opinion on whether the Board of County Commissioners of Meade County has the authority to rescind its resolution authorizing corporate swine production. You inform us that after the Board of County Commissioners passed a resolution pursuant to K.S.A. 17-5908 to allow corporate swine production in Meade County, a valid protest petition seeking to bring the resolution before the electorate was filed. More people voted in favor of the resolution than voted against it, so the protest failed.
In Attorney General Opinion No. 96-21 this office opined that a county may use its home rule power to rescind a resolution previously adopted pursuant to K.S.A. 17-5908. The sole issue you present that was not addressed in Attorney General Opinion No. 96-21 is whether the procedure to rescind set out in that opinion applies when there has been a protest petition and vote by the general public in the county.
The resolution allowing corporate swine production in Meade County was enacted pursuant to K.S.A. 17-5908
which provides that "[t]he board of county commissioners, by resolution, may permit a swine production facility . . . to be established within the county." The statute also allows the filing of a petition in opposition "to submit the resolution to the qualified voters of the county. . . ." K.S.A. 17-5908. (Emphasis added.)
According to the facts you present, the election was initiated by a petition filed in protest to the Board of County Commissioners' passage of the resolution. The election was solely to determine if the resolution should become effective. The election could not add to, take from or otherwise modify the provisions of the resolution, or impose any powers or duties on the County beyond that already exercised by the Commission in the resolution. The vote of the electorate in favor of the resolution had the same effect as if there had been no protest and the resolution had taken effect without the election. Where a statute provides for a protest petition and none is filed, the legal effect of no protest petition being filed is tantamount to an adoption of the resolution by the electors. State, ex rel., v.Board of County Commissioners, 173 Kan. 544, 548
(1952). Therefore, the legal effect in Meade County was the same as it would have been had an election not been held. In these circumstances, the election does not impede the Board of County Commissioners' power to rescind the resolution by passing a home rule resolution pursuant to K.S.A. 1996 Supp. 19-101a as outlined in Attorney General Opinions No. 96-21 and 97-72. It may seem at first blush that in doing so the Board of County Commissioners is exercising its power in opposition to the expressed will of the electorate. This is not the case, however, because the election was for the limited purpose of attempting to prevent the Board's resolution from becoming effective. The electors did not initiate the authorization of corporate hog farming.
The Board of County Commissioners may wish to hold an election on whether to rescind its corporate farming resolution, however the Kansas Supreme Court has made it clear that a county's power of home rule does not allow the county to hold a binding election. In Blevins v.Board of Douglas County Commissioners, 251 Kan. 374, 382
(1992), the Court concluded that "[c]ounties may only hold binding elections in accordance with statutory authority set out by the legislature. K.S.A. 1991 Supp. 19-101a(7)." Because the statutes do not provide for a vote to rescind a resolution allowing corporate farming, and home rule does not allow the County to call a binding election, the Board of County Commissioners is without authority to conduct a binding election on the question of rescinding its prior resolution. However, the Board of County Commissioners could hold a non-binding advisory election to determine the wishes of the voters on this issue. Id., at 383. See Attorney General Opinion No. 97-72.
In conclusion, it is our opinion that a board of county commissioners may use K.S.A. 1996 Supp. 19-101a
to rescind a resolution previously adopted pursuant to K.S.A. 17-5908 even though the resolution being rescinded took effect after a protest election that failed.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm